IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GREGORY JENKINS,** | * |
| **Plaintiff,** | * |
| v. | * |
| **LOUIS DEJOY,** | *  CIVIL NO. JKB-22-1090 |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Gregory Jenkins, proceeding *pro se*, brings one claim against Defendant Louis DeJoy, the Postmaster General of the United States Postal Service, for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. *(See generally* Compl., ECF No. 1.)[1] Presently pending before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 12.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiff's Motion for Default Judgment will be denied.

### I. *Factual and Procedural Background*

Plaintiff claims that he was discriminated against based on his gender. (Compl. at 6.) Plaintiff works at "Highlandtown Post Office," where the incident took place. (*Id.* at 7.) He claims that his "supervisor called the police on [him] at work for absolutely nothing" and that he "was the only male at work with all females during this incident." (*Id.* at 6.) Plaintiff alleges that "[t]he police came to the job to investigate what happened" and that the police were informed "by another employee that I did nothing wrong." (*Id.*) Thereafter, Plaintiff asserts that the police told him "to

---

[1] Plaintiff does not state the law under which he brings his claim for discrimination. Thus, the Court construes the claim for gender discrimination as arising under Title VII.

1

load [his] truck and to start [his] job duties." (*Id.*) Plaintiff seeks damages "for mental health damage, emotional distress, and being wrongfully treate [sic] on basis [sic] of Gender." (*Id.* at 7.)

Plaintiff filed the Complaint on May 5, 2022. (*See generally id.*) Defendant was required to file an answer to the Complaint on or before October 3, 2022, but failed to do so. (*See* ECF No. 6.)[2] As of the time of this writing, Defendant has not entered an appearance or otherwise responded to this action. Accordingly, Plaintiff filed a Motion for Clerk's Entry of Default (ECF No. 7), which was granted (ECF No. 8). Thereafter, Plaintiff filed the instant Motion for Default Judgment. (ECF No. 12.)

## II. *Standard*

After entry of default under Rule 55(a), a party may move for default judgment. Fed. R. Civ. P. 55(b)(2). Entry of default against a defendant does not, alone, entitle a plaintiff to judgment as of right:

> "The defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact . . . [but] is not held . . . to admit conclusions of law. In short, . . . a default is not treated as an absolute confession by the defendant of [its] liability and of the plaintiff's right to recover." The court must . . . determine whether the [conceded facts] support the relief sought in [the] action.

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "In the Fourth Circuit, district courts analyzing default judgments have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are 'well-pleaded.'" *Vasquez-Padilla v. Medco Properties, LLC*, Civ. No. PX 16-3740, 2017 WL 4747063, at *2 (D. Md. Oct. 20, 2017) (collecting cases). "Where a complaint offers only 'labels and

---

[2] It is not clear to the Court that Plaintiff properly served Defendant in this matter. However, because the Court ultimately finds that Plaintiff has failed to state a claim, the Court need not address issues concerning service.

2

Case 1:22-cv-01090-JKB   Document 14   Filed 03/28/23   Page 3 of 4

conclusions' or 'naked assertion[s] devoid of further factual enhancement,' the allegations therein are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied." *Id.*

## III. Analysis

To bring a claim for Title VII gender discrimination, a plaintiff must establish a prima facie case of discrimination by showing: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). Moreover, in order to prevail on a discrimination claim under Title VII, "the existence of some adverse employment action is required." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). An adverse employment action is a discriminatory act that "adversely affects the terms, conditions, or benefits of a plaintiff's employment." *Id.*

Plaintiff has not alleged any adverse employment action, nor has he made any allegation concerning his job performance or different treatment from similarly situated employees outside of his protected class. Indeed, that Plaintiff is a male is the only pertinent fact included in the Complaint. Thus, Plaintiff has failed to state a claim on which relief can be granted.

Accordingly, Plaintiff's Motion for Default Judgment will be denied. Further, the case will be DISMISSED on the Court's own motion.

## IV. Conclusion

For the reasons stated above, a separate Order shall issue denying Plaintiff's Motion for Default Judgment (ECF No. 12) and dismissing the case.

DATED this 27 day of March, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge
